UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAROL HADERER,

                              Plaintiff,

           -against-

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

23CV5708(GRB)

FILED
CLERK
4:58 pm, May 29, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

       In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff challenges a final determination by the Commissioner of the Social Security Administration that she was ineligible to receive Social Security disability insurance benefits. *See* Docket Entry ("DE") 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. DE 12, 13.

       Here, the plaintiff claims disability based on a set of impairments: inflammatory arthritis, asthma and pseudo-gout. Tr. at 20.[1] These impairments are exacerbated by a broad spectrum of allergies. *Id.* at 23-26. Notwithstanding these "severe impairments," the ALJ determined that the plaintiff maintained the residual functional capacity to engage in the full range of sedentary work subject to a range of exclusions. *Id.* at 20, 22. In reaching his conclusions, however, the ALJ failed to properly address a critical exclusion – the time off from work that would be required by her impairments.

       Several crucial links in the ALJ's analytic chain cannot bear the required load. First, the ALJ provided a skeletal summary of the vocational expert's testimony, generally finding the

---

[1] References to "Tr." are to the Transcript of the Administrative Record filed in this case. DE 11.

1

testimony credible.  *Id.* at 30-31 (acknowledging that the expert provided testimony about absences).   However, the ALJ neglected to include the VE's opinion regarding permissible absences, which was as follows:

> even one day a month is above average, but in my opinion, at a day and a half a month, 12 hours per month, that would be the point where it would be so substantially above the mean, it would be one standard deviation above the mean, that it would not likely be tolerated. So, a day and a half or 12 hours per month on a regular basis of absenteeism.

*Id.* at 50-51.  Anything more than one day per month, the VE opined, would preclude the plaintiff from holding a job.  *Id.*

In his decision, the ALJ relied heavily upon the testimony of a medical expert, who, according to the record is named Dr. Nickerson Geneve, *id.* at 41, but is referred to by the ALJ as Dr. Geneve Nikerson [spellings as in original].    Since the record remains unclear as to the spelling of the doctor's name, and which of the two names listed represents the doctor's surname, the Court will refer to him only as the "medical expert."  According to the ALJ's decision, the medical expert offered the following opinion regarding absences and the plaintiff's ability to perform work:

> Dr. Nikerson opined that although claimant could have absences or time off-task due to allergic reactions and flares of her pseudo-gout, he could not opine as to the frequency based on the record, *but possibly one day per month* and that she would have more pseudo-gout attacks off her medication.

*Id.* at 27 (emphasis added).  The problem with this description of the medical expert testimony is that it is simply untrue, and materially so.  The medical expert testified that "she's allergic to so many different things, so I would find it hard to imagine that at least once or twice a month if she was in a regular work environment that she would not come across one of them," such that "it's

possible that she would have been probably out at maybe least a day [per month]." *Id.* at 46-47.[2] In response to a clarifying question from counsel, the medical expert acknowledged "*she would likely either have to leave work early or miss one or two days per month.*" *Id.* (emphasis added). Additionally, the medical expert acknowledged there would be potentially further absences because her doctor had to take her off her gout medication. *Id.* at 47-48. Taken together, then, the testimony offered by the medical and vocational experts may well disqualify plaintiff from substantial gainful employment.

As the Second Circuit has directed "[i]n a case such as this, where the assessment of disability involves careful consideration of medical evidence, the testimony of the only medical expert must figure prominently in the ALJ's decision making." *Pratts v. Chater*, 94 F.3d 34, 37–38 (2d Cir. 1996); *see Jerolmon v. Astrue*, 869 F. Supp. 2d 265, 278-80 (D. Conn. 2012) (reversing where "the ALJ discounted the hearing testimony of the impartial medical expert"). By misstating the testimony of his own medical expert, and by failing to get clarifying information from that expert, the ALJ failed in his responsibilities to develop the record. *Seavey v. Barnhart*, 276 F.3d 1, 8 (1st Cir. 2001) ("It is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits"), quoted with approval, *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005).

So, as Justice Gorsuch has observed, the answer is simple:

> Witness testimony that's clearly wrong as a matter of fact cannot be substantial evidence. Falsified evidence isn't substantial evidence. Speculation isn't substantial evidence. And, maybe most pointedly for our purposes, courts have

---

[2] In its brief, counsel for the Commissioner argues that this testimony was "equivocal at best." DE 13-2 at 24. While the meaning of this phrase is unclear (if the best is equivocal, what's the worst?), given the ALJ's obligations to develop the record, that a key piece of testimony can be characterized as ambiguous does not help the Commissioner's case.

held that a party or expert who supplies only conclusory assertions fails this standard too.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1159 (2019) (Gorsuch, J., dissenting).  Applying this construct to the instant case, where the ALJ mischaracterized important testimony as a basis for his determination, one can safely say that such a determination is not supported by substantial evidence and requires remand.

The matter is remanded for further proceedings consistent with this opinion.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       May 29, 2024

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

5